





# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Sam Bain
County Attorney
Leon County
Centerville, Texas

Dear Mr. Bain:

Opinion No. O-795
Re: A County Auditor for Leon County

Your request for an opinion on the questions as are herein stated has been received by this office.

We re-state your questions as follows:

1. Can the District Judge appoint a County Auditor for Leon County and set his salary at $165.00 per month, such salary to be paid by deficient General Fund warrants?

2. Can the Commissioners Court of Leon County appoint an Auditor and authorize the salary?

3. Can the Commissioners Court of Leon County employ a clerk to keep all accounts and have an auditor check them at regular periods?

Article 1645, Revised Civil Statutes, reads in part as follows:

"In any county having a population of thirty-five thousand (35,000) inhabitants or over, according to the preceding Federal Census, or having a tax valuation of Fifteen Million Dollars ($15,000,000.00), or over, according to the last approved tax roll, there shall be biennially appointed an auditor of accounts and finances, the title of said officer to be county auditor, who shall hold his office for two (2) years, and who shall receive as compensation for his services One Hundred Twenty-five Dollars ($125) for each million dollars, or major portion thereof on the assessed valuation, the annual salary to be computed from the last approved tax roll; said annual salary from county funds shall not exceed Three Thousand Six Hundred Dollars ($3,600). ..."



Hon. Sam Bain, Page #2.

Article 1646, Revised Civil Statutes, provides that:

"When the Commissioners' Court of a county, not
mentioned and enumerated in the preceding Article shall
determine that an auditor is a public necessity in the
dispatch of the county business, and shall enter an
order upon the Minutes of said Court fully setting out
the reasons and necessity of an auditor, and shall
cause said order to be certified to the District Judges
having jurisdiction in the county, said Judges shall,
if such reason be considered good and sufficient, ap-
point a County Auditor, as provided in the succeeding
Article, who shall qualify and perform all the duties
required of County Auditors by the Laws of this State;
provided, said Judge shall have the power to discontinue
the office of such County Auditor at any time after the
expiration of one year when it is clearly shown that
such auditor is not a public necessity and his services
are not commensurate with his salary received; ..."

. Article 1646a, Revised Civil Statutes, reads as follows:

"The Commissioners' Court of any county under
twenty-five thousand population according to the last
United States Census may make an arrangement or
agreement with one or more other counties whereby all
counties, parties to the arrangement or agreement,
may jointly employ and compensate a special auditor or
auditors for the purposes specified in Articles 1645
and 1646. The county commissioners' court of every
county affected by this article may have an audit made
of all the books of the county, or any of them, at
any time they may desire whether such arrangements
can be made with other counties or not; provided the
district judge or grand jury may order said audit if
either so desires."

We are informed by the Comptroller's office that Leon
County had a population of 19,898 inhabitants according to
the last United States census, and a tax valuation under Fifteen Mil-
lion Dollars.

We have been unable to find any statute empowering a com-
missioners court to employ a clerk to keep all accounts in
which the county is interested and have an auditor check them
at regular periods. Commissioners courts are courts of limited
jurisdiction, in that their authority extends only to matters
pertaining to the general welfare of their respective counties

Hon. San Bain, Page #3

and that their powers are only those expressly or impliedly conferred upon them by law, that is, by the Constitution and statutes of this State. Also see the cases of Sun Vapor Electric Light Co. vs. Keenan, 30 S.W. 868; Hill County vs. Hamilton, 273 S.W. 292; Temple Lumber Co. vs. Commissioners Court of Sabine County, 239 3.W. 668; Commissioners Court vs. Wallace, 15 S.W. (2d) 535; Seward vs. Falls County, 246 S.W. 728.

Article 1647, Revised Civil Statutes, reads as follows:

"The district judges having jurisdiction in the county, shall appoint the county auditor at a special meeting held for that purpose, a majority ruling; provided, that if a majority of such judges fail to agree upon the selection of some person as auditor, then either of said judges shall certify such fact to the Governor, who shall thereupon appoint some other district judge to act and vote with the aforesaid judges in the selection of such auditor. The action shall then be recorded in the minutes of the district court of the county and the clerk thereof shall certify the same to the commissioners court, which shall cause the same to be recorded in its minutes together with an order directing the payment of the auditor's salary."

In view of the foregoing statutes, you are respectfully advised that it is the opinion of this department that Leon County may employ a county auditor under Article 1646, supra, by complying with the plain mandatory provisions of Article 1647 by recording in its minutes the certified copy of the minutes of the District Court appointing the auditor and entering an order directing the payment of the auditor's salary each month as it accrues. You are further advised that if Leon County appoints an auditor under the provisions of Article 1646, that either the District Judge or the Commissioners Court cannot fix the salary of such auditor, as the Legislature has fixed the salary of county auditors by the plain provisions of Article 1645. In that article is found a yardstick by which every county auditor's salary may be definitely determined, except those whose salaries are fixed by numerous bracket amendments thereto, and by other brakket statutes with which we are not here concerned, because they do not apply to Leon County.

As Leon County has a population under twenty-five thousand inhabitants, you are further advised that the commissioners court of Leon County may make an arrangement by agreement

Hon. Sam Bain, page #4

with one or more other counties whereby all counties, parties to the arrangement or agreement, may jointly employ and compensate a special auditor or auditors for the purposes specified in Article 1645 and Article 1646, or the Commissioners Court of Leon County may have an audit made of all the books of the county, or any of them, at any time they may desire, whether such arrangements can be made with other counties or not, and the Commissioners' Court may contract with such special auditor to pay him a reasonable fee for his services for making the special audit.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:pbp

APPROVED AUG 4, 1939

ATTORNEY GENERAL OF TEXAS